Philadelphia Life Insurance Company, complainant-respondent,

*v.*

Rebecca Beard, defendant-appellant, and Guarantee Trust Company, defendant-respondent.

The Fidelity Mutual Life Insurance Company, complainant-respondent,

*v.*

Rebecca Beard, defendant-appellant, and Guarantee Trust Company, defendant-respondent.

[Argued February 9th, 1937.   Decided April 30th, 1937.]

*Mr. Morris Bloom,* for the defendant-appellant.

*Mr. John D. McMullin,* for the complainant-respondent Philadelphia Life Insurance Company.

*Messrs. Thompson & Hanslein,* for the complainant-respondent The Fidelity Mutual Life Insurance Company.

*Messrs. Cole & Cole,* for the defendant-respondent Guarantee Trust Company.

PER CURIAM.

This appeal brings up two decrees of the court of chancery, advised by Vice-Chancellor Sooy, who filed conclusions, which are not reported.

These are two separate interpleader suits involving the right to the proceeds of two life insurance policies.

By consent they were consolidated for trial and heard together. In the first suit the Philadelphia Life Insurance Company paid into court $9,000, and in the second suit The Fidelity Mutual Life Insurance Compay paid into court $2,000, being the amounts payable under the respective policies issued by said companies on the life of Louis Beard. Rebecca Beard, the widow of the insured, was the beneficiary under the first, and "the administrators, executors and assigns of the insured" was the beneficiary under the second policy.

The widow and the Guarantee Trust Company of Atlantic City, successor assignee of the policies, are claimants to the funds.

The widow's statement of claim as to the first policy is that she is the beneficiary thereunder and entitled to the funds thereof, and as to the other policy, that the amount is due and payable to her, either individually or as executrix of her husband's estate.

The Guarantee Trust Company's statements of claim, as to the Philadelphia Life Insurance Company, set up the fact

(established at the final hearing) that Louis Beard, being indebted to the Seaside Trust Company of Atlantic City in a sum in excess of $12,000, assigned that policy to said trust company as collateral security and that Mrs. Beard joined in the assignment; that the Guarantee Trust Company succeeded to the rights of the Seaside Trust Company; that there was due more than $12,000; that the estate of Louis Beard was insolvent.

As to the Fidelity Mutual Life Insurance Company policy, the Guarantee Trust Company claimed the fund also by virtue of an assignment of that policy directly to it, alleging that this assignment was also signed by Mrs. Beard, with like averments of insolvency of the estate of Louis Beard.

The appellant, Mrs. Beard, contended that she received no benefit from the assignments, that there was no consideration therefor, and that she never signed the assignments and that they were therefore void as to her.

The learned vice-chancellor found that there was consideration; that the denial by the appellant that she signed the assignments was a deliberate falsehood, and that under the law and facts the amount of each policy was the property of the Guarantee Trust Company, and that the balance on deposit, with accumulated interest, should be paid to the Guarantee Trust Company.

From the decrees thus advised by the vice-chancellor, the widow, Mrs. Beard, appeals.

We have carefully examined the proofs and the law submitted by counsel for the respective parties and have reached the conclusion that the vice-chancellor was fully justified in his findings of the essential facts and correct in his application of the law to the facts so found.

The decree is, therefore, affirmed.

*For affirmance*—THE CHIEF-JUSTICE, TRENCHARD, PARKER, LLOYD, CASE, BODINE, DONGES, HEHER, HETFIELD, DEAR, WELLS, WOLFSKEIL, RAFFERTY, COLE, JJ. 14.

*For reversal*—None.